ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>SUCESIÓN DE RAMÓN SOTO MARTÍNEZ Y OTROS<br><br>Peticionario | KLCE202401150 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2024CV00788<br><br>Sobre: Cobro de dinero-Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Sánchez Ramos[1]

Rivera Marchand, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparecen la Sucesión de Ramón Soto Martínez y otros (peticionarios) mediante un recurso de *certiorari* acompañado de una moción en auxilio de jurisdicción intitulada *Solicitud en Auxilio De Jurisdicción Para Que Se Paralice Todo Procedimiento Ante El TPI Incluyendo, Pero Sin Limitarse A Vista Señalada Presencial Para El 30-10-2024*. Solicitan que ordenemos la paralización de la vista pautada para el 30 de octubre de 2024 y que revoquemos la *Resolución Interlocutoria y Orden* que notificó el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario), el 21 de octubre de 2024.[2] Mediante el referido dictamen, el foro primario denegó tanto su solicitud de dejar sin efecto la orden protectora como la suspensión de la vista señalada para el 30 de octubre de 2024.

---

[1] Mediante Orden Administrativa Núm: OATA-2024-112, se designa al Juez Sánchez Ramos para entender y votar en el caso de epígrafe, debido a que la Juez Barresi Ramos se encuentra fuera del Tribunal por causas justificadas.
[2] Apéndice, págs. 196-197. Según expondremos más adelante, el TPI notificó otros dos (2) dictámenes interlocutorios en igual fecha.

Número Identificador

RES2024_____

Por los fundamentos que exponemos a continuación, denegamos tanto la solicitud en auxilio de jurisdicción como la expedición del auto de *certiorari.* Veamos.

**I.**

Conforme surge del expediente, el 21 de marzo de 2024, el Banco Popular de Puerto Rico (BPPR) instó una causa de acción sobre cobro de dinero y ejecución de hipoteca en contra del Sr. Ramón Soto Martínez. Tras su fallecimiento, el BPPR enmendó la demanda a los efectos de incluir como codemandado a su hijo menor de edad, D.Y.H., junto a otros demandados de nombre desconocido, y solicitó la designación de un defensor judicial a su favor. Expuso que, los peticionarios incumplieron con el contrato de préstamo hipotecario al dejar de pagar las mensualidades vencidas que ascienden a $100,228.56 en principal, más intereses y cargos por demora. Basado en lo anterior, solicitó la ejecución de la hipoteca que garantiza el pagaré.

Contestada la demanda, el BPPR instó una solicitud de orden protectora a los efectos de que se le permita entrar al inmueble -el cual se encuentra vacante- con el propósito de asegurarlo en contra de actos de vandalismo y de proveer el mantenimiento necesario. Evaluado lo anterior, el TPI emitió una *Resolución* y *Orden* a los fines de proteger el inmueble.[3]

En desacuerdo, los peticionarios se opusieron a la orden de protección expedida toda vez que ella provee acceso al BPPR a un inmueble que no es del banco antes de probar su caso y sin que se haya nombrado un defensor judicial.[4] En atención a lo anterior, el foro primario dejó sin efecto la referida orden de protección.[5]

De otra parte, el 10 de octubre de 2024, los peticionarios solicitaron al TPI dejar sin efecto la vista señalada para el 30 de

---

[3] Apéndice, págs. 120-124.
[4] Apéndice, págs. 131-139.
[5] Apéndice, pág. 142.

octubre de 2024.[6] Entre otros fundamentos, cuestionaron el propósito de la vista, el requerimiento de que las partes comparecieran de forma presencial[7] y la prontitud del señalamiento, en menoscabo de su posibilidad de prepararse adecuadamente.

A lo antes, el BPPR se opuso y argumentó que, la orden protectora es producto de lo acordado entre las partes, por medio de la Escritura Núm. 47 sobre Primera Hipoteca, otorgada el 26 de abril de 2013.[8] Además, cuestionó la solicitud de suspensión en ausencia de justa causa y del sello de suspensión correspondiente. Insistió en la necesidad de mantener la vista con el fin de nombrar un defensor judicial y de inspeccionar el original del pagaré en cuestión.

Evaluadas las posturas de ambas partes, el foro primario notificó el dictamen impugnado mediante el cual reinstaló la orden protectora del inmueble objeto de ejecución y denegó la solicitud de paralización de la vista pautada para el 30 de octubre de 2024.[9]

En desacuerdo, los peticionarios instan el recurso de epígrafe acompañado de una *Solicitud en auxilio de jurisdicción para que se paralice todo procedimiento ante el TPI incluyendo, pero sin limitarse a vista señalada presencial para el 30-10-2024.* En su recurso, señalan lo siguiente:

> Erró el TPI al volver a conceder al Banco demandante una Orden que le otorga propiedad/posesión del inmueble que pretende ejecutar cuando el mismo TPI tiene ante su consideración una solicitud (que hasta se discutirá en vista del 30-10-2024) de nombrarle un defensor judicial al menor y único heredero de ese inmueble.
>
> Erró el TPI al, independientemente del fundamento sobre el defensor judicial que el Banco ha solicitado, volver a conceder esa Orden sin que se celebrara vista evidenciaria regida en proceso por la Regla 56 de Procedimiento Civil y en lo sustantivo por varias disposiciones de la Ley Hipotecaria y de la Ley del Registro.

---

[6] Apéndice, págs. 145-152. Posteriormente, los peticionarios suplementaron su petitorio mediante una *Moción suplementando brevemente moción del 8 de octubre de 2024.* Apéndice, págs. 153-154.

[7] Surge de la *Moción para que se deje sin efecto (no mera "transferencia") la vista del 30-10-2024 o remedios alternativos* que, el codemandado D.Y.H. reside fuera de Puerto Rico junto a su madre Sabine Hofler.

[8] Apéndice, págs. 155-157.

[9] Cabe señalar que, en atención a ambas mociones de los peticionarios, el foro primario notificó otras dos (2) resoluciones interlocutorias mediante las cuales se reiteró en lo resuelto mediante el dictamen aquí impugnado. Apéndice, págs. 198-199.

Hemos examinado con detenimiento el recurso sometido por la parte peticionaria y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**III.**

Los peticionarios solicitan que ejerzamos nuestra función discrecional para dejar sin efecto el dictamen recurrido, mediante el cual, el foro primario se negó a suspender la vista señalada para el 30 de octubre de 2024 y reinstaló la orden protectora.

Luego de examinar el recurso instado, así como el expediente en su totalidad advertimos que, ningún criterio jurídico justifica nuestra intervención en aras de dejar sin efecto el dictamen impugnado. Los peticionarios no nos han puesto en posición para resolver que el TPI incurrió en error o en abuso de discreción al reinstalar la orden protectora como remedio provisional pendiente la adjudicación de la presente causa. Tampoco surge de lo expuesto en el recurso, fundamento alguno que informe, de forma fehaciente que, el foro primario se haya traspasado de los parámetros de su discreción, en el manejo de los asuntos pendientes ante su consideración, al ordenar la celebración de una vista, sobre el estado de los procedimientos, con el fin de inspeccionar el pagaré hipotecario objeto de este litigio, y atender la designación de un defensor judicial, a favor del menor codemandado.

De nuestro examen sosegado del recurso ante nos, no identificamos fundamentos jurídicos que, nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Añádase a ello que, tampoco identificamos razonamiento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

A la luz de los criterios para la expedición del auto de *certiorari* que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* nos abstendremos de intervenir en este asunto en esta etapa de los procesos.

**IV.**

Por los fundamentos esbozados, declaramos No Ha Lugar la *Solicitud en auxilio de jurisdicción para que se paralice todo procedimiento ante el TPI incluyendo, pero sin limitarse a vista señalada presencial para el 30-10-2024* y denegamos la expedición del auto de *certiorari,* según solicitado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones